```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                      :
NEW CINGULAR WIRELESS PCS, LLC        :
t/a CINGULAR WIRELESS                 :
                                      :   CIVIL ACTION NO. 06-2932
              Plaintiff               :
                                      :
         vs.                          :
                                      :
ZONING HEARING BOARD OF WEISENBERG    :
TOWNSHIP and WEISENBERG TOWNSHIP      :
                                      :
              Defendants              :
_____
```

HENRY S. PERKIN                                    November 20, 2008
UNITED STATES MAGISTRATE JUDGE

## **MEMORANDUM**

       This matter is before the court on the Motion of Defendant, Weisenberg Township, for the Admission of Testimony and Evidence from Another Proceeding.  The motion was filed on October 31, 2008.[1]  For the reasons expressed below, we deny defendant's motion.

### PROCEDURAL HISTORY

       On November 10, 2004, AT&T Mobility, f/k/a New Cingular Wireless PCS, LLC ("plaintiff"), a wireless telecommunications provider, submitted to the Zoning Hearing Board of Weisenberg Township ("ZHB") an application seeking zoning relief in the form of a variance in order to erect and operate a monopole telecommunications tower within Weisenberg Township ("Township").

---

[1] Plaintiff filed letter responses in opposition on October 31, 2008 and November 10, 2008.

Plaintiff alleges that the erection and operation of the proposed tower is necessary in order to address a gap in coverage for customers traveling in certain parts of the Township and proposes to locate its tower on a parcel of property located within the Township.  At a public hearing, the ZHB ultimately voted to deny all zoning relief requested as part of the plaintiff's application.

Following the denial of the ZHB's request for variance relief, plaintiff appealed to this Court by filing a Complaint on July 5, 2006.  An Amended Complaint, which was filed on August 2, 2006, asserted the following four causes of action:

> Count I:   Prohibiting the provision of personal wireless services in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II);
> Count II:  Denial of variance relief in violation of the Pennsylvania Municipalities Planning Code, Section 910.2, 53 P.S. § 10910.2;
> Count III: Lack of substantial evidence supporting denial in violation of 47 U.S.C. § 332(c)(7)(B)(iii); and
> Count IV:  Validity challenge to the Weisenberg Township Zoning Ordinance as de facto exclusionary.

By Order dated August 5, 2008, the Honorable Thomas M. Golden granted defendant's motion for summary judgment as to Counts II and III of the Amended Complaint.  On August 20, 2008, having obtained the consent of all parties in this case, Judge Golden ordered that this matter be transferred to this Magistrate Judge to conduct all further proceedings and order the entry of

2

judgment in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.

## DISCUSSION

By its motion, defendant seeks to introduce at the upcoming December 9, 2008 non-jury trial of this matter certain evidence and testimony submitted to the ZHB in another proceeding involving Verizon Wireless ("Verizon proceeding") concerning the proposed erection and operation of a telecommunications tower within the Township.  Defendant avers that, at the conclusion of the Verizon proceeding, the ZHB recommended for approval a request for variance relief for the erection and operation of that telecommunications tower.  Defendant contends that the evidence and testimony presented during the Verizon proceeding, as well as the subsequent action of the ZHB, establishes that (1) the erection and operation of the proposed wireless communication tower at the proposed location would eliminate any existing gap in coverage in a manner which is less intrusive than the variance relief sought by plaintiff; (2) the Ordinance provides adequate land within the Township for the erection and operation of telecommunication towers; and (3) the Ordinance, as applied, does not prohibit the erection and operation of telecommunications towers within the Township.  Defendant asserts that the proffered evidence is directly relevant to the determination of the issues which will be presented for adjudication at trial and that any

hearsay statements contained therein are admissible by virtue of the residual exception found at Rule 807 of the Federal Rules of Evidence.

Plaintiff contends that the Verizon proceeding involved an application to erect a facility in the narrow corridor along I-78 zoned to permit coverage to be provided to vehicles traveling on I-78 and, therefore, was intended to remedy a different service gap than the one at issue in this litigation. Moreover, plaintiff avers that it was not a party to the Verizon proceeding and, therefore, had no opportunity to cross-examine or contest any of the evidence presented therein.  More specifically, plaintiff relies on Univ. of PA v. Lexington Ins. Co., 815 F.2d 890 (3d Cir. 1987) and asserts that the United States Court for the Third Circuit has made it clear that in these circumstances, evidence from another proceeding is inadmissible against an absent party.  For the following reasons, we agree with plaintiff.

While the evidence and testimony submitted to the ZHB in connection with the Verizon proceeding may, as defendant argues, be relevant to its defense of this matter, we note that plaintiff was not a party to that proceeding, nor were its interests represented.  As plaintiff points out in its response, the case of Univ. of PA v. Lexington Ins. Co., 815 F.2d 890 (3d Cir. 1987), involved an action of an insured hospital, which had

4

settled a state medical malpractice claim against it for nearly $7 million, against its excess insurer for failure to pay its share of the settlement.  One of the excess insurer's arguments was that the settlement amount in the state case was unreasonable.  Id. at 902-907.  In this context, the excess insurer argued that the district court improperly allowed as evidence transcripts of the state court settlement hearings between the insured hospital and the patient, as proof of the terms of settlement as well as proof that all involved believed the settlement to be reasonable.  Id. at 904-906.  In finding that the district court had wrongly admitted the transcripts as evidence of reasonableness, the Third Circuit explained that "[u]sing these statements to prove the reasonableness of the settlement involved the use of bench statements out of context without opportunity for cross examination, implicating many of the dangers the hearsay rule is designed to prevent."  Id. at 906.  As further justification for its decision, the Third Circuit stated that the

> lack of focus on the interests of [the excess insurer at the state court settlement hearings], and the absence of any party [at the hearings] with an interest in challenging the settlement's reasonableness undermine any possible reliance on the residual exception, the touchstone of which is special circumstantial guarantee of trustworthiness.

Id. at 906.

   After review of the respective arguments of the parties

and case law cited above, we conclude that because plaintiff was not a party to the Verizon proceeding and had no opportunity to cross-examine or contest any of the evidence presented therein, the evidence and testimony from that proceeding, which defendant now seeks to introduce in the non-jury trial of this matter, is inadmissible.  Accordingly, we deny defendant's motion.

      An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
_____
                                      :
NEW CINGULAR WIRELESS PCS, LLC        :
t/a CINGULAR WIRELESS                 :
                                      :  CIVIL ACTION NO. 06-2932
            Plaintiff                 :
                                      :
       vs.                            :
                                      :
ZONING HEARING BOARD OF WEISENBERG    :
TOWNSHIP and WEISENBERG TOWNSHIP      :
                                      :
            Defendants                :
_____
```

**ORDER**

**AND NOW**, this 20th day of November, 2008, upon consideration of the Motion of Defendant, Weisenberg Township, for the Admission of Testimony and Evidence from Another Proceeding (Document No. 48), which motion was filed October 31, 2008; upon consideration of plaintiff's October 31, 2008 (Document No. 49) and November 10, 2008 (Document No. 50) letter responses thereto,

**IT IS ORDERED** that defendant's motion is **DENIED**.

BY THE COURT:

*/s/ Henry S. Perkin*
HENRY S. PERKIN
United States Magistrate Judge